UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>                Plaintiff,<br>    v.<br><br>RON HAYES,<br><br>                Defendants. | Case No. C18-5511-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>November 9, 2018</u> |

      Petitioner Jeffrey Scott Ziegler is a state prisoner who is currently confined at the Stafford Creek Corrections Center. He has presented to the Court for filing an application to proceed *in forma pauperis* (IFP) and a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2005 judgment and sentence of the Clark County Superior Court. Dkt. 1. Petitioner was notified by letter dated June 25, 2018, that his motion to proceed *in forma pauperis* was deficient and was provided an opportunity to cure the deficiency by July 25, 2018. Dkt. 2.

      To date petitioner has not corrected the IFP deficiency. Petitioner has previously filed two other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and the prior petitions filed by petitioner, concludes that the instant petition is a second or successive petition which should be dismissed without prejudice. If petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. §

2244(b)(3)(A). Petitioner's motion to proceed *in forma pauperis* (Dkt. 1) should be denied as moot.

## DISCUSSION

Petitioner submitted his first federal habeas petition challenging his 2005 Clark County judgment and sentence to the Court for filing on June 9, 2010. *See Ziegler v. State of Washington*, C10-5263-BHS, Dkt. 10. The Court dismissed that petition without prejudice on November 2, 2010, based on petitioner's motion for voluntary dismissal. *See id.*, Dkts. 36, 39, 40.  Petitioner submitted a second federal habeas petition challenging his 2005 Clark County judgment and sentence to the Court for filing on May 15, 2014.  *See Ziegler v. Glebe*, C14-05407, Dkt. 1. The Court dismissed that petition with prejudice on November 26, 2014, upon concluding that the petition was time barred under the Anti-Terrorism and Effective Death Penalty Act. *See id.*, Dkt. 36.

The instant petition was received for filing on June 19, 2018. Dkt. 1. Petitioner appears to assert in his petition that: (1) his due process rights were violated because the trial court was required to find a plea of not guilty to be knowingly, intelligently and voluntarily made; (2) his due process rights were violated because he was not notified that if convicted he could be sentenced to life imprisonment; and (3) the statute he was sentenced under was unconstitutionally vague. Dkt. 1-1, at 5-8, 17-18.

Petitioner's previous federal habeas petition challenging his 2005 conviction, having been dismissed with prejudice on the grounds that it was untimely under the federal statute of limitations, renders subsequent petitions second or successive for purposes of 28 U.S.C. § 2244(b).[1] *See* 28 U.S.C. §2244(a); *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005).

---

[1] Petitioner acknowledges that his 2014 federal habeas petition (*Ziegler v. Glebe*, C14-05407) challenged the same conviction he seeks to challenge in the instant petition. Dkt. 1-1, at 12.

Before filing another challenge, petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals, which petitioner did not do. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). However, Ninth Circuit Rule 22-3(a) provides, in relevant part, that:

> An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. …. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Circuit Advisory Committee Note to the rule makes clear that,

> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court *may* transfer the filing to the court of appeals in the interests of justice or, in the alternative, *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 (emphasis added).

Here, petitioner does not allege a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence; the interests of justice do not weigh in favor of the Court transferring this petition to the Court of Appeals. Under Ninth Circuit Rule 22-3, the undersigned recommends that the petition be dismissed without prejudice, allowing petitioner to request authorization from the Court of Appeals to file a second or successive petition. The undersigned also recommends that the Court deny petitioner's motion to proceed *in forma pauperis* as moot.

REPORT AND RECOMMENDATION - 3

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, this Court concludes petitioner is not entitled to a certificate of appealability with respect to the instant petition.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court dismiss the instant petition (Dkt. 1-1) without prejudice as a second successive petition and deny petitioner's motion to proceed *in forma pauperis* (Dkt. 1) as moot. The undersigned further recommends the Court should deny a certificate of appealability.

If petitioner wishes to file a second or successive petition in this Court, he is required to apply for and obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. The application must comply with Ninth Circuit

1  Rule 22-3. To assist petitioner, the Court recommends the Clerk be directed to send petitioner a

2  copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 –Application

3  for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28

4  U.S.C. § 2255.

5       The parties have **fourteen (14) days** from service of this Report and Recommendation to

6  file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file

7  objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

8  U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration

9  on **November 9, 2018**, as noted in the caption.

10       Dated this 17th day of October, 2018.

 

                                                    */s/ Theresa L. Fricke*
                                                  Theresa L. Fricke
                                                  United States Magistrate Judge